Caruthers, J.,
delivered the opinion of the Court.
This was a successful proceeding for a divorce and alimony, in a Court of Chancery. The bill was filed without security for costs, under the pauper law. A motion to dismiss it on that ground, was overruled, and to that exception was taken. The only question made is upon that point.
It is expressly required by the act of 1831, ch. 20, *106 Car. & Nich., 256, that no process shall issue on the application of a female for a divorce, without bond and good security for all costs. There is no express repeal of that act. At that time, however, and down to the passage of the' act of 1835-6, the wife could not file a petition against her husband for a divorce, any more than for other purposes, in her own name, on account of the disability of coverture; but it was required to be done by a next friend. A next friend can never prosecute a suit in forma pauperis, but is always required to secure the costs. The act of 1821 does not extend to such cases. So we have held, and to this rule the act of 1831 conforms. The mode of proceeding is entirely changed by the divorce act of 1835-6, ch. 26. By the 3d sec., “the wife, in her own proper person and name, may exhibit the bill,” etc. The proceedings are conducted throughout very much according to the course of a Court of Chancery in other cases. Now, we think that changes made in the law of divorce and mode of proceeding must be construed to repeal, by implication, the act of 1831, in relation to security for costs. The object of the change, as to the necessity of a next friend, was to enable her to act for herself, in all proper cases, without dependence upon her friends and neighbors, who might, in many cases, be averse to identifying themselves with her in an angry contest with her husband, and thereby incurring his displeasure as well as that of his friends. The Legislature intended to relieve her of this dependence, and open to her the doors of justice upon her own application. Can it be. supposed that it was intended, after this, to deprive her of the right to enter the courts of justice upon the same terms with the humblest or most unworthy citizens ? A feme covert having wrongs to *107 redress, above all otters needs the benefit of sucb a provision, because, by the marital right of the husband, her property goes,, with herself, under his dominion and control. The law delights in the protection of the weak against the strong; and in no proper case will it withhold the hand of relief because of the inability of the injured party. Surely there are no cases to which an act to aid the weak in the assertion of their rights could be more fitly applied.
The Chancellor, then, did not err in holding that the act of 1821 applied to cases of this kind.
The decree will be affirmed in all things.